1  Terrence P. McMahon (SBN 71910)
   tmcmahon@mwe.com
2  Fabio E. Marino (SBN 183825)
   fmarino@mwe.com
3  Judith S.H. Hom (SBN 203482)
   jhom@mwe.com
4  Nitin Gambhir (SBN 259906)
   ngambhir@mwe.com
5  Barrington Dyer (SBN 264762)
   bdyer@mwe.com
6  McDERMOTT WILL & EMERY LLP
   275 Middlefield Road, Suite 100
7  Menlo Park, CA  94025-4004
   Telephone:     650 815 7400
8  Facsimile:      650 815 7401

9  ATTORNEYS FOR PLAINTIFFS
   RADWARE, LTD. AND RADWARE, INC
10
   Ramsey M. Al-Salam (SBN 109506)
11 Ralsalam@perkinscoie.com
   PERKINS COIE LLP
12 1201 Third Street, Ste. 4800
   Seattle, WA 98101-3099
13 Telephone: 206-359-6385
   Facsimile:  206-359-7385
14 ATTORNEYS FOR DEFENDANT
   F5 NETWORKS, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| RADWARE, LTD., an Israeli company; RADWARE, INC., a New Jersey corporation,<br><br>             Plaintiffs,<br><br>       v.<br><br>F5 NETWORKS, INC., a Washington corporation,<br><br>             Defendant.<br><br>F5 NETWORKS, INC., a Washington corporation,<br><br>Defendant.<br><br>             Counterclaim-Plaintiff,<br><br>       v.<br><br>RADWARE, LTD., an Israeli company; RADWARE, INC., a New Jersey corporation,<br><br>Counterclaim-Defendants. | CASE NO. 5:13-CV-02024 RMW<br><br>*Related Case 5:13-CV-02021 RMW*<br><br>Assigned to the Hon. Ronald M. Whyte<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Plaintiffs Radware, Ltd. and Radware, Inc. ("Plaintiffs" or "Radware") and Defendants F5 Networks, Inc. ("Defendant" or "F5") (collectively "the Parties") hereby stipulate as follows:

### A. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

### B. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

### C. LIAISON

Each Party agrees to designate an ESI Liaison who are and will be knowledgeable about and responsible for discussing their respective ESI. Each ESI liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the ESI liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention. Any Party is free to change their designated ESI Liaison by providing written notice to the other Party.

### D. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

1) Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control;

2) The parties will agree on the number of custodians per party for whom ESI will be preserved;

    3) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), the parties agree not to preserve the following:

        a) automatically saved versions of documents;

        b) instant messaging, text messaging, SMS communications, telephonic recordings, voicemail, or other digitally recorded conversations;

        c) system or executable files (.exe, .dll, etc.);

        d) audio, video, or audio-visual information (e.g., .wav, .mp3, .avi, .swf, etc.), unless the information is known to be related to the claims asserted in this case (*e.g.*, training videos for product features accused of infringement) or the responsiveness of specific files is made known to counsel during search, review, collection, or production of other responsive information;

        e) unreadable or corrupt files;

        f) data from Blackberry™, tablets or other portable and smartphone devices where the Producing Party believes based on its standard practices that the information contained therein is expected to be duplicative of other sources (*e.g.*, other email systems);

        g) materials retained primarily for backup or disaster recovery purposes, for example materials retained in tape, floppy disk, optical disk, or similar formats, and temporary data stored in a computer's random access memory or RAM;

        h) systems no longer is use or systems that cannot be accessed; and

        i) any other file types subsequently agreed by the Parties.

    4) If responsive documents are located on a centralized server or network, the producing party shall not be required to search for additional copies of such responsive documents that may be located on the personal computer, or otherwise in the possession, of individual employees except upon request for specific documents by opposing counsel with a showing that such additional collection is justified (*i.e.*, likely benefit outweighed by burden and expense) and a meet and confer between respective ESI liaisons.

    5) In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information, but (b) under the proportionality factors, should not be preserved: the parties reserve the right to identify further categories of documents that are unduly

burdensome to collect and/or produce.

**E.      E-MAIL**

Email production requests shall only be propounded for specific issues, rather than general discovery of a product of business. Email production requests shall be phased to occur after Radware has served its Disclosure of Asserted Claims and Infringement Contentions and accompanying disclosures under Patent Local Rules 3-1 and 3-2. The parties agree that disputes regarding entitlements or limits to email production from particular custodians should be governed by the Federal Rules of Civil Procedure, including Rule 26 and associated case law.

1)      General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests. Email production requests shall identify the custodian (by name, if possible, or by job description/title, or by knowledge of issues), search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper timeframe.

2)      Each requesting party shall limit its email production requests to a total of ten search terms per custodian per party. A "search term" will be considered to include all permutations, abbreviations, and alternatives meaning the same thing and will count as a single term. For example, a search term for a product name will include the product's name, all company-internal monikers, nicknames and code names including abbreviations thereof. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

3)      Search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive

1  combination of multiple words or phrases (*e.g.*, "computer" and "system," "computer" w/x
2  "system," "computer" but not "system") narrows the search and shall count as a single search
3  term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system")
4  broadens the search and thus each word or phrase shall count as a separate search term unless
5  they are variations of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not,"
6  "w/x") is encouraged to limit the production and shall be considered when determining whether
7  to shift costs for disproportionate discovery. Should a party serve email production requests with
8  search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this
9  paragraph, the producing party may decline to respond or request that the producing party bear all
10 costs caused by such additional discovery.

11     4) If a producing party determines, either upon receipt or thereafter, that one or more
12 proposed search terms results or will likely result in an unduly burdensome quantity of excessive
13 or irrelevant information ("false hits"), the producing party shall promptly contact the requesting
14 party to request a reassessment of the proposed search term(s), and the parties shall meet and
15 confer in good faith to attempt to resolve such dispute.

16     **F.**   **PRODUCTION FORMAT**

17 Documents shall be produced in the following folder structure.

18     1) **Top-level folder**. This folder will indicate the production volume (*e.g.,* ABC-001).

19     2) **Images Folder**. Documents shall be produced in single page, black & white, TIFF image format (Group 4, 300 dpi), and to the extent necessary to understand the information presented therein, with color images produced in .jpeg format. Each image will be sequentially stamped with a unique Bates number. Images shall be placed in sub-folders where each sub-folder shall not contain more than 1,000 images. Embedded objects, such as email logos, shall be delivered as part of the record absent party agreement to the contrary.

23     3) **Natives Folder**. Excel spreadsheets and audio-video files shall be produced in native file format; the parties agree to meet and confer regarding the native production of other file types (*e.g.,* databases or files requiring specialized software) as appropriate.

26     4) **Text Folder**. Extracted text or OCR text generated to render documents searchable shall be produced at the document level. Text files shall be labeled to correspond with the Bates number of the first image file for each document. If documents are redacted, OCR text shall be provided for the unredacted text.

28     5) **Load Files**. Concordance .DAT data load files containing the metadata fields

listed in Schedules A and B (to the extent such metadata fields or data for such fields are reasonably available), and iPRO-ready .LFP and .OPT image load files shall accompany the image, native and text files.

6) **Hard Copy Documents**. Paper documents shall be scanned and delivered in accordance with the foregoing format specifications.

7) **De-Duplication**. Parties agree to globally de-duplicate files prior to production.

### G. DOCUMENTS PROTECTED FROM DISCOVERY

1) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

2) In the event of inadvertent disclosure, the receiving party shall not use the content of ESI that the producing party asserts is protected by any applicable privilege or doctrine, or the fact of inadvertent production, to challenge the protection asserted. Further, the receiving party shall immediately return or confirm in writing that it has destroyed all information that contains privileged matter or work product that appears on its face to have been inadvertently produced or, if notice is provided, within fifteen (15) calendar days of the date of the notice.

3) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate. For each document withheld or redacted, the Privilege Log shall contain the following information: (i) the date of the document; (ii) the identity of all persons who authored, signed or otherwise prepared the document; (iii) the identity of all persons designated as addressees or copyees, including blind copyees; (iv) a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity; (vi) the type or nature of the privilege asserted (*e.g.*, attorney-client privilege, work product doctrine, common interest, etc.); (vii) the unique document number assigned to the withheld document; and (viii) the Bates numbers corresponding to the first and last page of any

redacted document, if the document has been assigned any such Bates numbers. Any email message (whether produced individually or as part of a series or chain of emails linked together by email responses and forwarding) that is withheld or redacted on the grounds of privilege, immunity or any similar claim shall be logged as one document and shall be identified by the top-most email in the thread that is withheld or redacted (*e.g.*, if a party withholds on the basis of privilege an email thread consisting of a sent email, a first reply email and a second reply email, the thread shall be identified by the second reply email; if a party produces the same email thread but redacts the sent email and the first reply email, the thread shall be identified by the first reply email). The parties shall not be required to log identical copies of an email that is included in a thread that has been logged in accordance with this Paragraph. The parties hereby agree to exchange initial privilege logs by no later than six weeks after the document production to which each log relates. At this time, the parties need not log privileged communications or work product created in connection with the prior litigation identified as Case No. 04-3376 (D. N.J.) and Case No. 10-654MJP (W.D. Wash) between Radware and its legal counsel, and between F5 and its legal counsel. Parties, however, reserve the right to request privilege logs upon meeting and conferring should a specific issue arise.

4) Testifying experts shall not be subject to discovery on any draft of their reports in this action and such draft reports, notes, or outlines for draft reports are also exempt from production and discovery pursuant to Fed. R. Civ. P. 26(b)(4)(C) and (D). Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product for the purposes of this action.

**H.    COST-SHIFTING**

Costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be subject to cost-shifting considerations. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

///

### I. MANNER OF SERVICE

The parties will serve all documents related to this Litigation by 11:59 PM Pacific Time on the day of service, and such service shall constitute timely service on that day. Service may be made by electronic mail to counsel of record (identified below), with the filed, submitted, or produced documents attached in .pdf format. When the size of the file containing any such document(s) are too large for service by electronic mail, service may be made by hand delivery or by Federal Express (or similar means) for next day delivery, and a CD, diskette, .ftp site or other means of electronically providing the documents being served shall be provided. Where service is made by next day delivery, service shall be effective on the day sent. The Parties may electronically serve large documents via an FTP site in accordance with the same rules applicable to e-mail.

All discovery requests shall be served by electronic means in .pdf format accompanied by a Word version for use by the receiving party. All responses and objections thereto (but not necessarily documents produced pursuant to any such request) shall be served by electronic mail in a searchable .pdf format.

All such electronic service under this agreement will be effective as if service had been accomplished by hand delivery, *i.e.*, 3 days will not be added under the Federal Rules or any local rule. The parties designate the following counsel to receive documents pursuant to this stipulation:

| Party | Service by E-mail | Service by Hand |
|---|---|---|
| Radware | F5-RadwareService@mwe.com | Fabio Marino<br>MCDERMOTT WILL & EMERY<br>275 Middlefield Road, Suite 100<br>Menlo Park, CA 94025-4004 |

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

| F5 Networks | RAlsalam@perkinscoie.com<br>NDurrance@perkinscoie.com<br>LThomas@perkinscoie.com | Ramsey M. Al-Salam<br>Nathaniel E. Durrance<br>PERKINS COIE LLP<br>1201 Third Street, Ste. 4800<br>Seattle, WA 98101-3099 |

### J.     MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

### Schedule A:  Production Fields for ESI

| Field Name (variations of the names below may be used) | Description |
|---|---|
| **Volume** | The Production Volume. |
| **Beg Bates** | Number endorsed on first page of document. |
| **End Bates** | Number endorsed on last page of document. |
| **Page Count** | Total number of pages in document. |
| **Beg Attach** | Number endorsed on first page of first document in a family (*i.e.*, documents and all attachments thereto). |
| **End Attach** | Number endorsed on last page of last document in a family (*i.e.*, documents and all attachments thereto). |
| **Confidential Designation** | The confidential designation endorsed on the document. If no designation is present, a default value of "None" will be coded. |
| **Authors(s)** | If available, the person(s) who created, wrote, reviewed, signed, or approved the document. If no author is present, a default value of "None" will be coded. |
| **FROM** | Sender of email message. |
| **TO** | Recipient of email message in the "To" field. |
| **CC** | Recipient of email message in the "CC" field. |
| **BCC** | Recipient of email message in the "BCC" field. |
| **Title / Subject** | If available, verbatim subject or re: line, or discernible document title appearing on the document's first page. |

| Field Name (variations of the names below may be used) | Description |
|---|---|
| **Date Created** | If available, the date the document was created. |
| **Date Modified** | If available, the date the document was last modified. |
| **Sent Date** | Date email message was sent. |
| **Received Date** | Date email message was received. |
| **Source(s)** | Custodial or Non-custodial source(s) from which the document was collected. |
| **File Name** | Original file name. |
| **Document Type** | The file extension describing the type of document (*e.g.*, Microsoft Word document). |
| **FullText** | Relative path to text file containing extracted text or OCR text on Production Media. |
| **Native Path** | Relative path to native file on Production Media. |
| **MD5 Hash Value** | The MD5 hash of the native produced file, not the produced TIFF files. |

### Schedule B: Production Fields for Paper Discovery

| Field Name (variations of the names below may be used) | Description |
|---|---|
| **Volume** | The Production Volume. |
| **Beg Bates** | Number endorsed on first page of document. |
| **End Bates** | Number endorsed on last page of document. |
| **Page Count** | Total number of pages in document. |
| **Beg Attach** | Number endorsed on first page of first document in a family (*i.e.*, documents and all attachments thereto). |
| **End Attach** | Number endorsed on last page of last document in a family (*i.e.*, documents and all attachments thereto). |
| **Confidential Designation** | The confidential designation endorsed on the document. If no designation is present, a default value of "None" will be coded. |

| Field Name (variations of the names below may be used) | Description |
|---|---|
| **Source(s)** | Custodial or Non-custodial source(s) from which the document was collected. |

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: September 5, 2013

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: */s/ Fabio E. Marino*
Fabio E. Marino

Attorneys for Plaintiffs
RADWARE, LTD. and RADWARE, INC.

Dated: September 5, 2013

Respectfully submitted,

PERKINS COIE LLP

By: */s/ Christopher Kao*
Christopher Kao

Attorneys for Defendant
F5 NETWORKS, INC.

## SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5.1, I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request.

Dated: September 5, 2013

*/s/ Fabio E. Marino*
Fabio E. Marino

**[] ORDER**

PURSUANT TO STIPULATION OF THE PARTIES, **IT IS SO ORDERED**.

DATED: _____    _____Ronald M. Whyte_____

THE HONORABLE RONALD M. WHYTE
UNITED STATES SENIOR DISTRICT JUDGE

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

12

STIPULATED ORDER RE:  DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
CASE NO. 5:13-cv-02024 RMW