1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RADWARE, LTD.; RADWARE, INC.,

    Plaintiffs, Counterclaim-Defendants,

      v.

A10 NETWORKS, INC.,

    Defendant, Counterclaim-Plaintiff.

RADWARE, LTD.; RADWARE, INC.,

    Plaintiffs, Counterclaim-Defendants,

      v.

F5 NETWORKS, INC.,

    Defendant, Counterclaim-Plaintiff.

Case Nos. C-13-02021, C-13-02024 RMW (related)

**ORDER GRANTING A10 NETWORKS' MOTION FOR ISSUANCE OF LETTER OF REQUEST**

      Defendants A10 Networks, Inc. ("A10") and F5 Networks, Inc. ("F5") jointly move for the issuance of a letter of request to compel the production of documents and testimony from two witnesses in Israel: Smadar Fuks and Eyal Felstaine. Dkt. No. 75. A10 also moves to compel Radware, Ltd. and Radware, Inc. (collectively, "Radware") to produce Fuks for deposition in the United States based on a provision in a patent assignment contract. Dkt. No. 108. Radware moves

United States District Court
For the Northern District of California

for a protective order limiting the deposition topics as to Felstaine. Dkt. No. 109. For the reasons explained below, the court GRANTS A10 and F5's motion for issuance of a letter of request as to Felstaine, DENIES Radware's motion for a protective order, and DEFERS A10 and F5's motion for issuance of a letter of request as to Fuks and A10 and F5's motion to compel for 10 days so that the parties can negotiate and file a stipulation on discovery as to Fuks.

## I.  BACKGROUND

Radware owns U.S. Patent Nos. 6,665,702 ("'702 Patent") (filed Dec. 20, 1999 and issued Dec. 16, 2003); 8,266,319 ("'319 Patent") (filed June 2, 2003 and issued Sept. 11, 2012); and 8,484,374 ("'374 Patent") (filed Aug. 3, 2012 and issued July 9, 2013) (collectively "patents-in-suit"), all titled "load balancing" and all generally directed to network management systems, devices and methods for managing a computer network that is connected to the Internet through more than one IP address or internet service provider. In these related actions, Radware alleges that both A10 and F5 infringe the patents-in-suit.

Smadar Fuks, who resides in Israel, is a named co-inventor of all three patents-in-suit. *See* '702 Patent, '319 Patent, '374 Patent. Radware employed Fuks in Israel during the time Radware developed the patented technology. Dkt. No. 76, Declaration of Gavin Snyder ("Snyder Decl.") ¶ 2. Fuks is no longer employed at Radware, but she still lives in Israel. *Id.* Fuks has refused to appear for deposition in the United States. *Id.* Exh. H.

Eyal Felstaine, who also resides in Israel, submitted a declaration to the U.S. Patent and Trademark Office ("PTO") on February 28, 2007 in connection with Radware's prosecution of the '319 Patent. Snyder Decl. Exh. A. The declaration distinguishes the '319 Patent claims from the prior art, including the Akkiraju, et al. reference ("Akkiraju"). *Id.* A10 and F5 both contend that the '319 Patent is anticipated by Akkiraju. *Id.* Exh. J. Felstaine also does not agree to a deposition in the United States. *Id.* Exh. H.

Consequently, A10 and F5 now move for issuance of a letter of request pursuant to the Hague Convention and Federal Rule of Civil Procedure 28(b)(3) in order to take the depositions of Fuks and Felstaine in Israel. Dkt. No. 75; *see* Dkt. No. 75-1 (proposed letter of request). Fuks and Felstaine appeared specially to oppose the motion, Dkt. No. 95, and Radware joins in their

opposition, Dkt. No. 97. A10 and F5 filed a reply. Dkt. No. 103. The motion was heard on February 14, 2014.

## II.  ANALYSIS

### A.  Legal Standard

Also known as a letter of request, a "letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n. 1 (2004). "A court has the inherent authority to issue a letter rogatory." *S.E.C. v. Leslie*, C 07-03444 JF (PVT), 2009 WL 688836, at *2 (N.D. Cal. Mar. 16, 2009) (citing 28 U.S.C. § 1781). "The opposing party must show good reason for a court to deny an application for a letter rogatory." *Leslie*, 2009 WL 688836, at *3 (citing *DBMS Consultants Limited v. Computer Associates Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990)). However, in this context the court must also "supervise pretrial proceedings particularly closely to prevent discovery abuses." *Société Nationale Industrielle Aérospatiale, et al. v. U.S. District Court*, 482 U.S. 522, 546 (1987).

Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "Nonetheless, Rule 28(b) must be read together with Rule 26(c), Federal Rules of Civil Procedure, which permits a court to make any order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Evanston Ins. Co. v. OEA, Inc.*, C-02-01505 DFL (PAN), 2006 WL 1652315, at *2 (E.D. Cal. June 13, 2006) (quoting Fed. R. Civ. P. 26(c)). "Factors relevant to the Court's decision include 'considerations of comity, the relative interests of the parties including the interest in avoiding abusive discovery, and the ease and efficiency of alternative formats for discovery.'" *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (quoting *Madanes v. Madanes*, 199 F.R.D. 135, 141 (S.D.N.Y. 2001)).

### B.  Letter of Request

Defendants' motion is GRANTED as to Felstaine. Felstaine's deposition is highly likely "to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Felstaine was not employed at

1    Radware when he submitted his declaration to the PTO, and he was only briefly later employed by

2    Radware. Snyder Decl. Exhs. A and I. Still, the facts surrounding his declaration are unquestionably

3    relevant to the '319 Patent's validity, enforceability, and claim construction. Defendants' request to

4    take Felstaine's deposition easily passes the basic Rule 26 relevance test, and the request is entirely

5    reasonable under the circumstances. *See Société Nationale*, 482 U.S. at 546.

6          In addition to the motion for a protective order, Fuks, Felstaine, and Radware (collectively,

7    "the opposition") make three objections to defendants' motion. First, the opposition argues that

8    "Israeli law does not allow for American-style depositions, and the Hague Convention does not

9    authorize a Letter of Request to compel unwilling, non-party Israeli witnesses to give depositions."

10   Dkt. No. 95, Smadar Fuks and Dr. Eyal Felstaine's Special Appearance for Opposing Defendants'

11   Motion for Issuance of Letter of Request ("Opposition") at 1, 4-9. Even if the opposition's

12   statements about Israeli law are true, this is not a reason to deny issuance of the letter of request.

13   The executing authority (here, courts in Israel) applies its own law to the letter of request to

14   determine the extent to which the discovery sought is allowed. Convention of 18 March 1970 on the

15   Taking of Evidence Abroad in Civil or Commercial Matters, art. 9, *opened for signature* June 1,

16   1970, 23 U.S.T. 2555, T.I.A.S. 7444, 847 U.N.T.S. 231 ("Hague Convention"). Moreover,

17   defendants' reply and the accompanying declaration from an American and Israeli lawyer cast

18   significant doubt on the opposition's assertions that A10 will not be able to take its requested

19   depositions. *See* Dkt. No. 103-1, Declaration of Eric S. Sherby ("Sherby Decl."), ¶¶ 29-53. In fact,

20   defendants' reply declarant, Eric Sherby, attests to having assisted in the execution of letters of

21   request in Israel seeking depositions similar to those defendants request here. *Id*. ¶¶ 61-65.

22         Second, Radware objects to the document requests as overbroad. Opposition at 2, 13-16. The

23   objections are overruled. The document requests are tailored to the subject matter surrounding the

24   witnesses' connections to this case. *See* Dkt. No. 75-1, Letter of Request, Exhs. 4 and 6. Although

25   certain document requests seem especially broad—for example, "All documents relating to the prior

26   art," Letter of Request Exh. 6 ¶ 14—they are much narrower when considered in the context of the

27   witnesses' specific connections to the case. Fuks and Felstaine are not "expected to study the patents

28   and consult patent-law experts to determine what materials satisfy this definition of 'prior art.'"

1  Opposition at 15. While the court generally discourages broad discovery requests, defendants'

2  production requests here are reasonable.

3  Finally, Radware argues that it is improper for Eric Sherby, an American and Israeli lawyer

4  retained by defendants, to oversee the discovery process in Israel. The court concludes that it should

5  take no position on this issue. Article 9 of the Hague Convention states that "[t]he judicial authority

6  which executes a Letter of Request shall apply its own law as to the methods and procedures to be

7  followed." Hague Convention, art. 9. The Declaration of Eric S. Sherby makes clear that the

8  decision to appoint a private lawyer to oversee the discovery process is entrusted to the discretion of

9  the Israeli court, to be evaluated under Israeli law. Sherby Decl. ¶ 58. Rather than attempt to

10  determine whether such an appointment is proper under Israeli law—an area in which this court has

11  no special expertise—the court prefers to leave the decision of who to appoint to assist the discovery

12  process in Israel to the sound discretion of the Israeli court charged with executing the letter of

13  request. Assuming Sherby's declaration is accurate, it is common for Israeli courts to appoint a

14  lawyer to assist in executing letters of request. *Id*. ¶¶ 58-66. Therefore, defendants and Sherby may

15  ask that the executing court appoint Sherby, and the Israeli court can decide at that time whether

16  such an appointment is appropriate under Israeli law. This court expresses no opinion on whether

17  Sherby can properly oversee the discovery process in Israel pursuant to the letter of request.

18  As to Fuks, the parties at the hearing indicated that they had come to a tentative agreement

19  allowing A10 and F5 to take her deposition in Israel. The pending motions as to Fuks are deferred

20  for 10 days so that the parties can finalize an agreement and file a stipulation.

21  **C. Motion for Protective Order**

22  Radware moves for a protective order to limit the topics of Felstaine's deposition,

23  contending that defendants wish to inappropriately depose Felstaine as an involuntary expert

24  witness. *See* Opposition at 1-2, 9-13; Dkt. No. 109. The court is not persuaded. Radware does not

25  contest all of the Felstaine deposition topics; rather, Radware only contends that some generically

26  worded deposition topics—for example, "Validity of the Patents-in-Suit"—are outside the scope of

27  Felstaine's declaration to the PTO. *See* Dkt. No. 75-6 at 3-4.

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   As a preliminary matter, rather than attempting to depose Felstaine as an involuntary expert

2   witness in violation of Federal Rule of Civil Procedure 45(d)(3)(B)(ii), defendants seek factual

3   testimony from Felstaine relating to his statements to the PTO. Federal Rule of Civil Procedure

4   45(d)(3)(B)(ii) is concerned primarily with "ensur[ing] that the subpoena power does not improperly

5   compel an unretained expert to unwillingly disclose his work product and deny him the right to

6   effectively bargain for his professional service." *Rosa v. City of Seaside*, 05-03577 JF (HRL), 2009

7   WL 2382760, at *1 (N.D. Cal. July 29, 2009). This is not the case here, as Felstaine is a fact witness

8   as to his statements to the PTO in the February 28, 2007 declaration. Further, as defendants

9   correctly note, "[w]ere Radware correct, a consultant who submits a sworn declaration to the

10  USPTO to obtain issuance of a patent could not be deposed, and his statements to the USPTO

11  effectively would be insulated from the scrutiny of discovery." Dkt. No. 103 at 8. Felstaine must

12  therefore be compelled to answer questions relating to the substance of his declaration to the PTO.

13      Moreover, the contested topics, while broad, overlap substantially with the subject matter of

14  Felstaine's declaration to the PTO. *See* Dkt. No. 75-6 at 3-4. Given this overlap, the issuance of a

15  protective order would potentially allow Radware to block Felstaine from answering legitimate

16  deposition questions relating to his PTO declaration. This concern is particularly acute here because

17  defendants may not have a second opportunity to take Felstaine's deposition, as the Felstaine

18  deposition will take place through Hague Convention procedures. Rather than issuing a protective

19  order now that would potentially allow Radware to instruct Felstaine not to answer certain

20  questions, Radware may make its objections to defendants' questions at Felstaine's deposition and

21  the court can take up the admissibility of Felstaine's testimony at a later date upon a full record.

22                                  **III.  ORDER**

23      For the foregoing reasons, the court GRANTS A10 Networks, Inc.'s Motion for Issuance of

24  Letter of Request as to Felstaine. The Letter of Request shall be modified to remove the request to

25  appoint Eric S. Sherby to assist in the taking of evidence at page 7, lines 20-28. The court takes no

26  position on whether Eric Sherby should be appointed to assist the taking of discovery in Israel. A10

27  Networks, Inc.'s Motion to Compel Radware to produce Smadar Fuks for a deposition in the United

28

1  States is deferred for 10 days, as is the motion for issuance of a letter of request as to Fuks.

2  Radware's Motion for a Protective Order limiting the Eyal Felstaine deposition topics is DENIED.

3

4

5  Dated: February 14, 2014



6  RONALD M. WHYTE
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

ORDER GRANTING LETTER OF REQUEST
Case Nos. C-13-2021-RMW, C-13-2024 RMW
RDS

- 7 -