Counsel of Record Listed on the Next Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RADWARE, LTD., an Israeli company; RADWARE, INC., a New Jersey corporation,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>    vs.<br><br>F5 NETWORKS, INC., a California corporation,<br><br>    Defendant and Counterclaim Plaintiff. | CASE NO. 5:13-CV-02024 RMW<br>*(related Case No. 5:13-CV-02021)*<br><br>~~JOINT CASE MANAGEMENT~~ **[MODIFIED] ~~STATEMENT AND [PROPOSED]~~ ORDER REGARDING F5 NETWORKS, INC.'S SECOND AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT , UNFAIR COMPETITION AND TRADE LIBEL**<br><br>Date:<br><br>Time:<br><br>Courtroom:  Courtroom 6, 4th floor |

| | | |
|---|---|---|
| 1 | Fabio E. Marino (SBN 183825)<br>fmarino@mwe.com | **Attorneys for Plaintiffs**<br>**RADWARE, LTD. AND RADWARE, INC.** |
| 2 | Eric W. Hagen (SBN 192340)<br>Judith S.H. Hom (SBN 203482) | |
| 3 | jhom@mwe.com<br>Nitin Gambhir (SBN 259906) | |
| 4 | ngambhir@mwe.com<br>Barrington Dyer (SBN 264762) | |
| 5 | bdyer@mwe.com<br>Teri H.P. Nguyen (SBN 267498) | |
| 6 | thpnguyen@mwe.com<br>McDERMOTT WILL & EMERY LLP | |
| 7 | 275 Middlefield Road, Suite 100<br>Menlo Park, CA  94025-4004 | |
| 8 | Telephone:     650 815 7400<br>Facsimile:      650 815 7401 | |
| 10 | Ramsey M. Al-Salam (SBN 109506) | |
| 11 | RAlsalam@perkinscoie.com<br>Nathaniel E. Durrance (SBN 229210) | **ATTORNEYS FOR DEFENDANT**<br>**F5 NETWORKS, INC.** |
| 12 | NDurrance@perkinscoie.com<br>PERKINS COIE LLP | |
| 13 | 1201 Third Street, Ste. 4800<br>Seattle, WA 98101-3099 | |
| 14 | Telephone: 206-359-6385<br>Facsimile:   206-359-7385 | |

LEGAL29226191.1

CASE NO. 5:13-CV-02024 RMW

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER FOR F5's SECOND AMENDED COUNTERCLAIMS

|   |   |
|---|---|
| 1 | Defendant and Counterclaim Plaintiff F5 Networks, Inc. ("F5") and Plaintiffs and |
| 2 | Counterclaim Defendants Radware, Ltd. and Radware, Inc. ("Radware"), (collectively "the |
| 3 | Parties") hereby submit this Joint Case Management Statement in this action regarding F5's |
| 4 | Second Amended Counterclaims for Patent Infringement, Unfair Competition, and Trade Libel |
| 5 | ("F5's Second Amended Counterclaims"). |
| 6 | The Court is yet to hold a Case Management Conference for F5's Second Amended |
| 7 | Counterclaims. F5 and Radware jointly request that the Court set a Case Management Conference |
| 8 | for these claims, or in the alternative, issue a scheduling order as agreed by the Parties, see Section |
| 9 | 18 below, in the event the Court were to deem unnecessary to hold a Case Management |
| 10 | Conference. |

1. **JURISDICTION AND SERVICE**

Radware and F5 agree that this Court has subject matter jurisdiction over Radware's claims under 28 U.S.C. §§ 1331, 1367, and 1338. Radware and F5 further agree that this Court has personal jurisdiction over Radware and F5, and that venue is proper in this Court, for the purposes of this action. All Parties have been served.

2. **STATEMENT OF FACTS**

F5 is a Washington corporation with its principal place of business in Seattle, Washington and offices in San Jose, California. F5 designs, develops, sells, and distributes a variety of products, including the BIG-IP product suite. F5 asserts that it is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,473,802 ("the '802 Patent"), U.S. Patent No. 7,831,712 ("the '712 Patent"), U.S. Patent No. 8,103,770 ("the '770 Patent"), and U.S. Patent No. 8,392,563 ("the '563 Patent") (collectively, the "F5 patents-in-suit"). F5 contends that it practices and implements the F5 patents-in-suit in its products. F5 also contends that it sells and distributes products that practice the F5 patents-in-suit within this district.

Plaintiff Radware, Ltd. is an Israeli company with its principal place of business in Tel Aviv, Israel. Plaintiff Radware, Inc. is a New Jersey corporation with its principal place of business in Mahwah, New Jersey and offices in San Mateo, California. Radware contends that it is a global leader in application delivery and application security solutions for virtual and cloud data centers,

1  and that its solutions portfolio delivers full resilience for business-critical applications, maximum
2  IT efficiency, and complete business agility.
3    F5 and Radware contend that certain of their products compete, including the products that
4  are implicated in the present action.
5    On May 1, 2013, Radware filed the instant action against F5 alleging infringement of
6  certain Radware patents ("F5 Action").  On the same day, Radware filed a separate action against
7  defendant A10 Networks, Inc. alleging infringement of the same two patents identified above
8  ("A10 Action").  On June 14, 2013, this Court granted Radware's motion to relate the A10 and F5
9  actions, and issued an order finding that the F5 Action is related to the A10 Action reassigning the
10 F5 Action to this Court.  (Dkt. 13).  On July 9, 2013, Radware filed its First Amended Complaint
11 against F5 alleging infringement of a third Radware patent.  (Dkt. 24).  On July 25, 2013, F5 filed
12 an Answer to the First Amended Complaint, Affirmative Defenses and Counterclaims, which did
13 not include F5's Counterclaims for Patent Infringement and Unfair Competition and Trade Libel.
14 (Dkt. 30).  On August 2, 2013, the Court held a Case Management Conference regarding the then
15 existing claims and counterclaims, and on August 21, 2013, the Court entered an Amended Joint
16 Case Management Statement and Order (Dkt. 38).
17   On August 29, 2013, F5 filed a First Amended Answer, Affirmative Defenses, and
18 Counterclaims (Dkt. 39), adding F5's Counterclaims of patent infringement, unfair competition,
19 and trade libel.  In response, on October 21, 2013, after an agreed extension of Radware's answer
20 date, Radware filed a Motion to Dismiss portions of F5's Counterclaims reciting Lanham Act,
21 willful infringement, and indirect infringement claims (Dkt. 49).  F5 then filed an Unopposed
22 Motion for Leave to File the Second Amended Counterclaims (Dkt. 51) with the proposed Second
23 Amended Counterclaims attached as Exhibit 1 (Dkt. 51-1).
24   On November 22, 2013, the Court granted F5's Unopposed Motion for Leave to File
25 Second Amended Counterclaims, which entered and deemed as filed F5's Second Amended
26 Counterclaims, and denied Radware's Motion to Dismiss as moot.  (Dkt. 58).
27   Radware also filed a motion to compel arbitration of F5'sCounterclaims for patent
28 infringement and to stay the litigation regarding F5's Counterclaims pending the outcome of the

arbitration. (Dkt. 60). F5 opposed the motion. On December 23, 2013, the Court entered an Order denying Radware's motion to compel arbitration and stay the litigation of F5's Counterclaims. (Dkt. 68).

On January 8 and January 23, 2014, the Parties held a Rule 26(f) conference regarding F5's Counterclaims for patent infringement, unfair competition and trade libel, and prepared the instant Joint Case Management Statement and Proposed Order regarding F5's Second Amended Counterclaims for Patent Infringement, Unfair Competition, and Trade Libel.

F5 brings F5's Counterclaims against Radware for damages and injunctive relief arising out of, *inter alia*, Radware's alleged infringement of F5's patents-in-suit and for Radware's alleged unfair competition and trade libel against F5.

Radware denies F5's counterclaims.

3. **LIST OF LEGAL AND/OR FACTUAL DISPUTES**

   A. **F5's List of Disputes**

Although additional issues may emerge during discovery, F5 identifies the following disputes:

   i. whether Radware infringes any of the insert or rewrite claims of the F5 patents-in-suit;

   ii. whether Radware promotes, encourages, instructs, directs or otherwise contributes to or actively induces a third party's infringement of F5's patents-in-suit;

   iii. whether Radware knew that its direct or indirect conduct constituted patent infringement, and whether Radware willfully infringed any of the insert or rewrite mode claims of the F5 patents-in-suit;

   iv. whether Radware made knowingly false and misleading statements to F5 customers and potential customers in a manner that constitutes unfair competition or trade libel, including in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   v. whether F5 is entitled to an injunction against future infringement of the F5 patents-in-suit under 35 U.S.C. § 283 or against future misleading and false statements relating to F5 or its products, or otherwise engaging in unfair competition or trade libel, under 15 U.S.C. § 1116;

   vi. whether F5 suffered damages as a result of Radware's conduct constituting patent infringement, unfair competition or trade libel, and if so, the amount of damages;

      vii.      whether F5 is entitled to Radware's profits and/or unjust enrichment suffered as a result of Radware's conduct, and if so, the amount of such profits and/or unjust enrichment;

      viii.      whether F5 is entitled to enhanced damages, together with pre-judgment and post-judgment interest, as provided by 35 U.S.C. § 284, 15 U.S.C. § 1117, or as otherwise provided by law; and

      ix.      whether F5 is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117, or as otherwise permitted by law.

    B.    **Radware's List of Disputes**

Although additional issues may emerge during discovery, Radware identifies the following disputes:

      i.      whether the F5 patents-in-suit are invalid as anticipated;

      ii.      whether the F5 patents-in-suit are invalid as obvious under 35 U.S.C. § 103 based on prior art, including prior art not considered by the Patent and Trademark Office;

      iii.      whether the claims are invalid for failure to satisfy the written description requirement;

      iv.      whether F5 is barred from asserting infringement of the F5 patents-in-suit, or is limited in its claims for relief, for lack of marking, waiver, estoppel, unclean hands and/or laches;

      v.      whether F5 is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285, 19 U.S.C. § 1927 or as otherwise permitted by law; and

      vi.      whether Radware's allegedly false and misleading statements to F5 customers and potential customers made knowingly false and misleading statements were truthful.

4.    **MOTIONS**

    A.    **Prior/Pending Motions**

There are no pending motions.

5.    **AMENDMENT OF PLEADINGS**

The Parties do not propose any extension or deadline by which to amend pleadings beyond the deadlines set by the federal and local rules.

6.    **EVIDENCE PRESERVATION**

The Parties certify they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed.

1  R. Civ. P. 26(f) and agreed to take reasonable measures to preserve all relevant, discoverable
2  materials that are currently in their possession, custody, or control. The Parties have taken
3  appropriate steps to preserve information potentially relevant and responsive to the issues in
4  dispute as currently understood by the Parties.

5  7.    **INITIAL DISCLOSURES**

6  Initial Disclosures were exchanged the same day as the filing of this Joint Case
7  Management Schedule.

8  8.    **DISCOVERY**

9  The Parties discussed the scope of their respective anticipated discovery. F5 seeks
10 discovery regarding the Accused Radware Products, including source code, the development of the
11 Accused Radware Products, design documents and user guides, Radware's knowledge of F5's
12 patents and products, Radware's marketing, sales and financial documents concerning the accused
13 features, and Radware's statements to customers and potential customers regarding F5 and its
14 products.

15 Radware seeks discovery regarding, among other things, the conception and reduction to
16 practice of the alleged inventions, the prior art, F5's evidence and basis, if any, for claiming
17 Radware infringes, F5's evidence and basis for its claim of damages, and other information relevant
18 to the issues in the case.

19 The Parties disagree as to whether F5 marked its products in a manner conforming with 35
20 U.S.C § 287 prior to filing its counterclaim against Radware on August 29, 2013. For this reason,
21 Radware is of the position that discovery concerning F5's patent infringement counterclaims is
22 limited to accused products made, used, sold or offered for sale by Radware during the potential
23 damages period beginning on August 29, 2013, the date of service of F5's First Amended Answer
24 and Counterclaim. See Dkt. No. 39. Radware's position regarding the scope of discovery F5 is
25 entitled on its patent infringement counterclaims reflects the same position F5 has taken with
26 respect to Radware's patent infringement claims. During the meet confer, F5 conceded that it had
27 not effectively marked its products. F5 subsequently retracted its position concerning its
28 compliance with Section 287. Radware provided F5 with authority showing that its marking

practices do not comply with the marking statute and F5 provided no countervailing authority. F5, however, is still investigating the issue and will provide appropriate responses to discovery requests and countervailing authority, if any, in order to understand how Section 287 effects the relief available in this case.

The Parties agree to abide by the Protective Order entered by the Court in this action. (Dkt. 37). The Parties further agree to abide by the Stipulated Order regarding Discovery of Electronically Stored Information filed in this action. (Dkt. 44).

The Parties' scheduling proposals are addressed in the section below entitled "Scheduling."

The Parties agree to the following limitations on discovery imposed under the federal rules or by local rule. The Parties' respective positions are as follows:

i. Interrogatories: Each party is entitled to 13 written interrogatories, as permitted under Fed. R. Civ. P. 33.

ii. Request for Admissions. Each party is entitled to 38 written Requests for Admissions, exclusive of requests for purposes of authentication. These requests for admission are in addition to the terms exchanged regarding Radware's patent claims against F5 and A10

iii. Depositions: Each party is entitled to 40 hours of fact depositions, as permitted under Fed. R. Civ. P. 30. For Roy Zisapel and Amir Peles, F5 has an additional 5 hours for deposition each in addition to the 10 hours shared with A10 regarding Radware's patent claims against F5 and A10.

iv. ESI: Each party is entitled to 10 search terms per custodian, which production will be governed by the Parties Stipulated ESI Order (Dkt. 44). These search terms are in addition to the terms exchanged regarding Radware's patent claims against F5 and A10.

9. **SCHEDULE**.

The Parties suggest the schedule set forth below in the section below entitled "Scheduling."

10. **DISCOVERY MATTERS IN DISPUTE.**

There are no current discovery disputes.

11. **CLASS ACTIONS**

Not applicable.

12. **RELATED CASES**

The present action has been deemed related to *Radware, Ltd. and Radware, Inc. v. A10 Networks, Inc.*, 5:13-CV-02021 RMW.

13. **RELIEF**

A. **F5's Statement of Relief Sought in the F5 Counterclaims.**

In addition to the relief sought as stated in the Amended Joint Case Management Statement and Order (Dkt. 38), F5 also seeks the following claims of relief for its Patent Infringement, Unfair Competition, and Trade Libel Counterclaims:

i. For an entry of judgment against Radware and in favor of F5 in all respects, including that Radware has infringed the F5 patents-in-suit and that Radware's actions constitute unfair competition and trade libel, including under the Lanham Act;

ii. For an order preliminarily and permanently enjoining Radware, and its respective officers, directors, shareholders, agents, servants, employees, attorneys, all parent, subsidiary and affiliate corporations, its successors in interest and assigns, and all other entities and individuals acting in concert with it or on its behalf, including customers, from infringing F5's patent rights, including the F5 patents-in-suit, and from making misleading and false statements relating to F5 or its products, or otherwise engaging in unfair competition or trade libel;

iii. For F5's damages, Radware's profits, and/or recovery of Radware's unjust enrichment, according to proof, for Radware's unlawful acts, together with pre-judgment and post-judgment interest, and that such damages, profits, and unjust enrichment be increased as provided by 35 U.S.C. § 284, 15 U.S.C. § 1117, or as otherwise provided by law;

iv. A judgment from this Court awarding F5 costs of the suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117, or as otherwise permitted by law; and

v. Any further relief that this Court deems just and proper.

B. **Radware's Statement of Relief Sought.**

Radware is seeking at least the following relief:

i. For a declaratory judgment that Radware has not infringed, directly or indirectly, the F5 patents-in-suit;

ii. For a declaratory judgment that the F5 patents-in-suit are invalid under 35 U.S.C §§ 102, 103 and/or 112;

      iii.    For a permanent injunction precluding F5 from suggesting or asserting that Radware has infringed any claims of the F5 patents-in-suit; and

      iv.    An award of Radware's attorneys' fees and costs under 35 U.S.C. § 285, 28 U.S.C. § 1927, or as otherwise permitted by law.

14. **SETTLEMENT AND ADR**

The Parties filed their ADR Certification and joint Stipulation and Proposed Order Selecting ADR Process on July 12, 2013 and agreed to proceed through an agreed-upon private mediator. The Parties further agree to complete mediation within 60 days from the date the Court issues its *Markman* Order for the F5 patents-in-suit.

15. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties have declined to proceed before a United States Magistrate Judge for all purposes.

16. **NARROWING OF ISSUES**

The Parties have not yet identified any issues that can be narrowed for trial.

17. **EXPEDITED TRIAL PROCEDURE**

The Parties do not believe that this is the type of case that can be handled on an expedited schedule with streamlined procedures.

18. **SCHEDULING**

The Parties propose that the Court adopt the schedule set forth in the [Proposed] Case Management Order attached hereto.

| Event | Parties' Proposal |
|---|---|
| Rule 26(f) for F5's Second Amended Counterclaims for Patent Infringement, Unfair Competition and Trade Libel | January 8 and January 23, 2014 |
| Joint CMC statement due | Filed February 3, 2014 |
| Exchange of Initial Disclosures | Filed February 3, 2014 |

| Event | Parties' Proposal |
|---|---|
| Case Management Conference for F5's Second Amended Counterclaims for Patent Infringement, Unfair Competition and Trade Libel | To Be Set By Court. The Parties jointly request that the court issue a scheduling order as agreed by the Parties in the event the Court were to deem unnecessary to hold a Case Management Conference for F5's Second Amended Counterclaims. |
| Plaintiff to serve (1) Disclosure of Asserted Claims, (2) Infringement Contentions and (3) Document Production accompanying disclosure. PLR 3-1 and 3-2. | No later than 14 days after the Case Management Conference set forth above |
| Defendants to serve Invalidity Contentions and Document Production accompanying disclosure. PLR 3-3 and 3-4. | No later than 45 days after service of the Disclosure of Asserted Claims and Infringement Contentions set forth above |
| Parties exchange claim terms for construction. PLR 4-1(a). | No later than 14 days after service of the Invalidity Contentions set forth above |
| Deadline to meet and confer to limit terms in dispute and jointly identify the ten (10) terms to be most significant in resolving the Parties' dispute. PLR 4-1(b). | No later than 7 days after the exchange of claim terms for construction pursuant to PLR 4-1(a) set forth above |
| Parties to exchange proposed Preliminary claim constructions with identification of all references for support. PLR 4.2(a)(b). | No later than 21 days after the exchange of claim terms for construction pursuant to PLR 4-1(a) set forth above |
| Deadline to meet and confer to narrow the issues and finalize preparation of Joint Claim Construction and Prehearing Statement. PLR 4.2(c). | No later than 30 days after the exchange of claim terms for construction pursuant to PLR 4-1(a) set forth above |
| Joint Claim Construction and Prehearing Statement due. PLR 4-3. | No later than 60 days after service of the Invalidity Contentions set forth above |
| Claim construction discovery closes. PLR 4-4. | 30 days after service and filing of the Joint Claim Construction and Prehearing Statement set forth above |
| F5 to file and serve Opening Markman Brief with supporting evidence (including expert declarations) regarding claim construction. PLR 4-5(a). | No later than 14 days after the close of Claim construction discovery set forth above |

| Event | Parties' Proposal |
|---|---|
| Radware to file and serve Responsive Markman Brief with supporting evidence (including expert declarations) regarding claim construction. PLR 4-5(b). | No later than 14 days after the Opening Markman Brief is filed and served as set forth above |
| Parties to file and serve Reply Markman Brief with supporting evidence (including expert declarations) regarding claim construction. PLR 4-5(c). | No later than 7 days after the Responsive Markman Brief is filed and served as set forth above |
| Technology Tutorial (at Court's option) | Within 14 days after the Responsive Markman Brief is filed and served as set forth above (or as soon thereafter subject to the Court's availability) or, at the Court's option, at the Markman Hearing |
| Markman Hearing | Within 21 days after the Responsive Markman Brief is filed and served as set forth above (or as soon thereafter subject to the Court's availability) |
| Markman Order | TBD by the Court |
| Last day for Parties to amend "Disclosure of Asserted Claims and Infringement Contentions" and "Invalidity Contentions." | 15 days after Markman Order |
| Close of Fact Discovery | 60 days after Markman Order |
| Last Day to complete ADR | 60 days after Markman Order |
| Opening Expert Reports Due | 105 days after Markman Order |
| Rebuttal Expert Reports Due | 135 days after Markman Order |
| Close of Expert Discovery | 175 days after Markman Order |
| Last Day to File Dispositive Motion | 205 days after Markman Order |
| Opposition to Dispositive Motion | 225 days after Markman Order |
| Reply to Dispositive Motion | 235 days after Markman Order |
| Last Date for Hearing on Dispositive Motions. PLR 4-6 | 250 days after Markman Order |
| Final Pretrial Conference | Subject to Court's availability (60 days after Ruling on Dispositive Motions, or if none filed, Close of Expert Discovery) |

| Event | Parties' Proposal |
|---|---|
| Last Day to File Pretrial Disclosures | 30 days before Pretrial Conference |
| Last Day to Meet and Confer prior to final Pre-Trial Conference | 15 days before Pretrial Conference |
| Last Day to File Motions in Limine; Trial Briefs; Proposed Voire Dire Questions; Jury Instructions; Joint Pre-Trial Statement; Form of Verdict; Proposed Findings of Fact and Conclusions of Law | 10 days before Pretrial Conference |
| Objections to Pre-Trial Disclosure and Motions *in Limine* Due | 5 days before Pre-Trial Conference |
| Final Pre-trial Conference | One week before Trial |
| Trial | Subject to the Court's availability. |

19. **TRIAL**

The Parties have requested a jury trial and estimate that the length of the trial in this case will be approximately 5-7 court days. This estimate may change depending on the actual claims, defenses, and products presented at trial in this matter.

20. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties have their Certification of Interested Entities or Persons required by Civil Local Rule 3-16 certifying that there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. (Dkt. 002).

21. **OTHER**

No other matters pending at time.

# [PROPOSED] JOINT CASE MANAGEMENT ORDER

IT IS HEREBY ORDERED that the Case Management Statement and Proposed Order is adopted by the Court as the Case Management Order for F5's Second Amended Counterclaims for Patent Infringement, Unfair Competition and Trade Libel and the Parties are directed to comply with this Order. Accordingly, pursuant to the Federal Rules of Civil Procedure and the Patent Local Rules ("PLR"), the Court Orders adoption of the following Pretrial Docket Control Schedule:

| Event | Parties' Proposal |
|---|---|
| Rule 26(f) conference for F5's Second Amended Counterclaims for Patent Infringement, Unfair Competition and Trade Libel | January 8, 2014 and January 23, 2014 |
| Joint CMC statement due | Filed February 3, 2014 |
| Exchange of Initial Disclosures | Filed February 3, 2014 |
| Case Management Conference for F5's Second Amended Counterclaims for Patent Infringement, Unfair Competition and Trade Libel | To Be Set By Court. The Parties jointly request that the court issue a scheduling order as agreed by the Parties in the event the Court were to deem unnecessary to hold a Case Management Conference for F5's Second Amended Counterclaims. |
| Plaintiff to serve (1) Disclosure of Asserted Claims, (2) Infringement Contentions and (3) Document Production accompanying disclosure. PLR 3-1 and 3-2. | No later than ~~14 days after the Case Management Conference set forth above~~  March 20, 2014 |
| Defendants to serve Invalidity Contentions and Document Production accompanying disclosure. PLR 3-3 and 3-4. | No later than 45 days after service of the Disclosure of Asserted Claims and Infringement Contentions set forth above |
| Parties exchange claim terms for construction. PLR 4-1(a). | No later than 14 days after service of the Invalidity Contentions set forth above |
| Deadline to meet and confer to limit terms in dispute and jointly identify the ten (10) terms to be most significant in resolving the parties' dispute. PLR 4-1(b). | No later than 7 days after the exchange of claim terms for construction pursuant to PLR 4-1(a) set forth above |

| Event | Parties' Proposal |
|---|---|
| Parties to exchange proposed Preliminary claim constructions with identification of all references for support. PLR 4.2(a)(b). | No later than 21 days after the exchange of claim terms for construction pursuant to PLR 4-1(a) set forth above |
| Deadline to meet and confer to narrow the issues and finalize preparation of Joint Claim Construction and Prehearing Statement. PLR 4.2(c). | No later than 30 days after the exchange of claim terms for construction pursuant to PLR 4-1(a) set forth above |
| Joint Claim Construction and Prehearing Statement due. PLR 4-3. | No later than 60 days after service of the Invalidity Contentions set forth above |
| Claim construction discovery closes. PLR 4-4. | 30 days after service and filing of the Joint Claim Construction and Prehearing Statement set forth above |
| Plaintiffs to file and serve Opening Markman Brief with supporting evidence (including expert declarations) regarding claim construction. PLR 4-5(a). | No later than 14 days after the close of Claim construction discovery set forth above<br><br>Opening summary judgment briefs that relate to claim constructions also due. |
| Defendant to file and serve Responsive Markman Brief with supporting evidence (including expert declarations) regarding claim construction. PLR 4-5(b). | No later than 14 days after the Opening Markman Brief is filed and served as set forth above<br><br>Responsive summary judgment briefs due. |
| Parties to file and serve Reply Markman Brief with supporting evidence (including expert declarations) regarding claim construction. PLR 4-5(c). | No later than 7 days after the Responsive Markman Brief is filed and served as set forth above<br><br>Reply summary judgment briefs due. |
| Technology Tutorial (at Court's option) | Within 14 days after the Responsive Markman Brief is filed and served as set forth above (or as soon thereafter subject to the Court's availability) or, at the Court's option, at the Markman Hearing |
| Markman Hearing<br><br>Summary judgment hearing | Within 21 days after the Responsive Markman Brief is filed and served as set forth above (or as soon thereafter subject to the Court's availability) |
| Markman Order | TBD by the Court |

| Event | Parties' Proposal |
|---|---|
| Last day for Parties to amend "Disclosure of Asserted Claims and Infringement Contentions" and "Invalidity Contentions." | 15 days after Markman Order |
| Close of Fact Discovery | 60 days after Markman Order |
| Last Day to complete ADR | 60 days after Markman Order |
| Opening Expert Reports Due | 105 days after Markman Order |
| Rebuttal Expert Reports Due | 135 days after Markman Order |
| Close of Expert Discovery | 175 days after Markman Order |
| Last Day to File Dispositive Motion | 205 days after Markman Order |
| Opposition to Dispositive Motion | 225 days after Markman Order |
| Reply to Dispositive Motion | 235 days after Markman Order |
| Last Date for Hearing on Dispositive Motions. PLR 4-6 | 250 days after Markman Order |
| Final Pretrial Conference | Subject to Court's availability<br>(60 days after Ruling on Dispositive Motions or if none filed, Close of Expert Discovery) |
| Last Day to File Pretrial Disclosures | 30 days before Pretrial Conference |
| Last Day to Meet and Confer prior to final Pre-Trial Conference | 15 days before Pretrial Conference |
| Last Day to File Motions in Limine; Trial Briefs; Proposed Voire Dire Questions; Jury Instructions; Joint Pre-Trial Statement; Form of Verdict; Proposed Findings of Fact and Conclusions of Law | 10 days before Pretrial Conference |
| Objections to Pre-Trial Disclosure and Motions *in Limine* Due | 5 days before PreTrial Conference |
| Final Pre-trial Conference | One week before Trial |
| Trial | One week after Pretrial Conference<br>(or as soon thereafter subject to the Court's availability) |

IT IS SO ORDERED.

Dated: March 6, 2014

*Ronald M. Whyte*
HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

| | | |
|---|---|---|
| 1 | Dated: February 3, 2014 | Respectfully submitted, |
| 2 | | PERKINS COIE LLP |
| 3 | | |
| 4 | | By: */s/ Ramsey M. Al-Salam*<br>Ramsey M. Al-Salam |
| 5 | | Nathaniel E. Durrance<br>PERKINS COIE LLP |
| 6 | | 1201 Third Street, Ste. 4800<br>Seattle, WA 98101-3099 |
| 7 | | Tel:   206-359-6385<br>Fax:   206-359-7385 |
| 8 | | Email:  RAlsalam@perkinscoie.com |
| 9 | | **Attorneys for Defendant/Counterclaim Plaintiff F5 NETWORKS, INC.** |
| 10 | | |
| 11 | Dated: February 3, 2014 | Respectfully submitted, |
| 12 | | McDERMOTT WILL & EMERY LLP |
| 13 | | By: */s/ Fabio E. Marino* |
| 14 | | Fabio E. Marino<br>McDermott Will & Emery LLP |
| 15 | | 275 Middlefield Road, Ste. 100<br>Menlo Park, CA 94025 |
| 16 | | Tel:   650-815-7400<br>Fax:   650-815-7401 |
| 17 | | Email: fmarino@mwe.com |
| 18 | | **Attorneys for Plaintiffs/Counterclaim Defendants RADWARE, LTD. and RADWARE, INC.** |

## SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5.1, I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request.

Dated: February 3, 2014                     /s/ Ramsey M. Al-Salam