UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RADWARE LTD., an Israeli Company; RADWARE, INC., a New Jersey Corporation,<br><br>Plaintiffs, Counterclaim-Defendants<br><br>v.<br><br>F5 NETWORKS, INC., a Washington Corporation,<br><br>Defendant, Counterclaim-Plaintiff. | Case No. C-13-2024 RMW<br>(Related Case No. C-13-02021-RMW)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RADWARE'S MOTION TO AMEND INFRINGEMENT CONTENTIONS**<br><br>[Re: Dkt. No. 136] |

Plaintiffs Radware, Inc. and Radware Ltd. (collectively "Radware") move for leave to amend asserted claims and infringement contentions pursuant to Patent L.R. 3-6. Dkt. No. 136 ("Mot."). For the reasons explained below, Radware's Motion for Leave to Amend Infringement Contentions is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

Radware brings this patent infringement action against its competitor F5 Networks, Inc. ("F5"), alleging infringement of claims 1, 2, 6-9, 13 and 14 of U.S. Patent No. 6,665,702 ('702 Patent); claims 1-7, 9-19, and 21-32 of U.S. Patent No. 8,266,319 ('319 Patent); and claims 1-4, 6-12, 14, and 15 of U.S. Patent No. 8,484,374 ('374 Patent) (collectively asserted patents). All three patents are entitled "Load Balancing" and relate to the "management of networks that have multiple connections to the Internet through multiple Internet Service Providers (ISPs)." '702

1  col.15 ll.53-56.  The '319 Patent is a division of the '702 Patent and the '374 Patent is a

2  continuation of the '319 Patent. The '702 and '319 Patents have the same specification (other

3  than some formatting variances) and the '374 Patent shares that same specification other than the

4  "Summary" section.

5    On August 16, 2013, Radware served its Preliminary Infringement Contentions on F5.

6  Mot. at 2. On December 23, 2013, Radware sought leave of the court to amend its infringement

7  contentions, which the magistrate judge granted on April 4, 2014. *See* Dkt. No. 72 (motion for

8  leave to amend infringement contentions); Dkt. No. 114 (order granting motion for leave to

9  amend infringement contentions). The court issued its claim construction order on April 18, 2014.

10  Dkt. No. 122. The parties agreed that May 16, 2014 would be the last day to serve amended

11  infringement contentions related to Radware's patents. Mot. at 2 n.1. Radware served its amended

12  contentions on that date and subsequently brought the instant motion for leave to amend. *See* Mot.

13  The court issued its Summary Judgment Order, Dkt. No. 145, after Radware's motion and F5's

14  opposition were filed but before Radware filed its reply.

15         **II.  ANALYSIS**

16  **A.  Legal Standard**

17    "Amendment of the Infringement Contentions . . . may be made only by order of the Court

18  upon a timely showing of good cause." Patent L.R. 3-6. The good cause inquiry "considers first

19  whether the moving party was diligent in amending its contentions and then whether the

20  nonmoving party would suffer prejudice if the motion to amend were granted." *Acer, Inc. v. Tech.*

21  *Props. Ltd.*, No. 08-cv-00882 JF (HRL), 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010)

22  (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir.

23  2006)). "The burden is on the movant to establish diligence rather than on the opposing party to

24  establish lack of diligence." *Karl Storz Endoscopy-America, Inc. v. Stryker Corp.*, No. 09-cv-

25  00355, 2011 WL 5574807, at *1 (N.D. Cal. Nov. 16, 2011) (quoting *O2 Micro*, 467 F.3d at

26  1366). "However, even if the movant was arguably not diligent, the court retains discretion to

27  grant leave to amend." *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C13-159 CW, 2013 WL

28  5955548, at *1 (N.D. Cal. Nov. 6, 2013); *see also Apple Inc. v. Samsung Electronics Co.*, No. CV

1   12-00630 LHK, 2012 WL 5632618 (N.D. Cal. Nov. 15, 2012) (granting leave to amend
2   infringement contentions, even though court found plaintiff failed to establish diligence, because
3   of lack of prejudice to the defendants). "In considering the party's diligence, the critical question
4   is whether the party could have discovered the new information earlier had it acted with the
5   requisite diligence." *Apple*, 2012 WL 5632618, at *2 (internal quotation marks omitted).

6   "The rules are designed to require parties to crystallize their theories of the case early in
7   the litigation and to adhere to those theories once they have been disclosed . . . ." *LG Electronics
8   Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360 (N.D. Cal. 2002) (quoting *Atmel Corp. v.
9   Information Storage Devices, Inc.*, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal.
10  1998)). However, the expectation that a "patentee would have a precise sense of its infringement
11  theory at the outset" is "unrealistic . . . [where] the patentee may not have been able to get access
12  to the necessary information because it is hidden from view (for example, source code)." Peter S.
13  Menell et al., Federal Judicial Center, *Patent Case Management Judicial Guide* 4-14 (2009).
14  Thus, the good cause standard of Patent L.R. 3-6 "serves to balance the parties' rights to develop
15  new information in discovery along with the need for certainty in legal theories at the start of the
16  case." *Apple*, 2012 WL 5632618, at *2.

17  **B.     Motion for Leave to Amend Infringement Contentions**

18  Radware moves for leave to amend its infringement contentions as to all three of its
19  asserted patents: the '702 Patent, the '319 Patent, and the '374 Patent. However, after Radware
20  filed its motion, the court granted F5 summary judgment of noninfringement as to all claims of
21  the '702 Patent. Dkt. No. 145, at 19-20. Accordingly, in its reply, Radware concedes its motion
22  for leave to amend is moot as to the '702 Patent. Therefore, the court DENIES as moot Radware's
23  motion for leave to amend its infringement contentions as to the '702 Patent.

24  As to the '319 and '374 Patents, however, Radware only seeks leave to add source code
25  citations following from F5's recent response to Interrogatory No. 15, correct some typos, and
26  conform a few entries to the court's claim construction order. F5's opposition, which largely
27  focuses on the now-moot contentions as to the '702 Patent, contends generally that Radware
28  alleges new infringement theories under the guise of conforming its infringement contentions to

ORDER RE: MOTIONS TO AMEND
CASE NO. C-13-2024-RMW                              - 3 -

the court's claim construction order. F5 does not assert any other prejudice related to Radware's amendments as to the '319 and '374 Patents.

The court finds that Radware was diligent in seeking leave to amend. As to Radware's addition of source code citations, Radware represents that its amendments relate directly to source code identified by F5 in F5's response to Interrogatory No. 15, which Radware received after it had already served its Amended Infringement Contentions. Mot. at 5. F5 does not dispute this fact, but instead argues that Radware was not diligent because Radware possessed F5's interrogatory response for three months before moving to amend. Dkt. No. 141, ("Opp.") at 6-7. The court holds that, under these particular facts, three months' delay in moving for leave to amend does not undermine Radware's diligence. First, the case schedule provided for further amendments following claim construction. It was thus reasonable for Radware to wait until after claim construction to amend, rather than immediately moving for leave to amend upon receiving F5's interrogatory response, and then moving for leave to amend three months later after claim construction. Second, Radware's three month delay does not undermine the notice function of infringement contentions. Radware's source code amendments directly derive from F5's interrogatory response, so F5 should have assumed that Radware's source code amendments were forthcoming. Finally, F5 cites no case that holds that a three month delay establishes a lack of diligence, much less that a three month delay under the circumstances of this case favors denying leave to amend. Accordingly, Radware was diligent in amending its infringement contentions to add the source code citations.

As to Radware's other amendments, F5's diligence argument, in full, reads:

> Similarly, although the Court did not adopt three of Radware's proposed constructions (one of which just relied on ordinary meaning) on the '319 and the '374 patents, Radware's proposed amendments appear to be unrelated to the constructions the Court adopted. There is no indication that any of the amendments are justified by the Court's constructions.

Opp. At 5. Radware replies that "Radware's amendments in its SAICs are based on the Court's construction of the terms 'proximity' and 'a plurality of routes,' which differ substantially from those proposed by either Radware or the Defendants." Dkt. No. 148, ("Reply") at 2. Neither

ORDER RE: MOTIONS TO AMEND
CASE NO. C-13-2024-RMW           - 4 -

party's arguments are specific. However, after reviewing Radware's amendments, the court is satisfied that Radware's proposed amendments sufficiently relate to the court's claim constructions. Therefore, especially given that F5 does not specify any prejudice that would result from Radware's amendments, good cause exists for Radware to amend its infringement contentions as to the '319 and '374 Patents. *See* Patent L.R. 3-6 (good cause exists in the circumstance of "(a) A claim construction by the Court different from that proposed by the party seeking amendment").

### III.   ORDER

For the foregoing reasons, the court GRANTS Radware's Motion for Leave to Amend Infringement Contentions as to the '319 Patent and '374 Patent and DENIES Radware's Motion as to the '702 Patent.

**Dated**: July 28, 2014

_____
Ronald M. Whyte
United States District Court Judge