1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10          SAN JOSE DIVISION

11

12   RADWARE, LTD., et al.,

          Plaintiffs,                    Case No.  5:13-cv-02024-RMW

13

14      v.                               **ORDER REGARDING PROPOSED**
                                         **REDACTIONS TO OCTOBER 15, 2015**
                                         **SUMMARY JUDGMENT ORDER**
15   F5 NETWORKS, INC.,

          Defendant.                     Re: Dkt. Nos. 261, 265

16

17          Before the court are proposed redactions to the court's October 15, 2015 summary

18   judgment order, Dkt. No. 256. "Historically, courts have recognized a 'general right to inspect and

19   copy public records and documents, including judicial records and documents.'"

20   *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)

21   (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when

22   considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.*

23   (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties

24   seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the

25   presumption with "compelling reasons" that outweigh the general history of access and the public

26   policies favoring disclosure. *Id.* at 1178-79.

27          A protective order sealing the documents during discovery may reflect the court's previous

28                                         1

United States District Court
Northern District of California

determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b) (requiring the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," and an "unreadacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

With these standards in mind, the courts rules on the instant motions as follows.

| Mot. to Seal | Document to be Sealed or Proposed Redaction | Ruling | Reason/Explanation |
|---|---|---|---|
| 261 | Declaration of Daniel T. Keese In Support Of F5's Request to Redact Portions of the Court's October 15, 2015 Order (261-3) | GRANTED | Allowed by Dkt. No. 256 at 61. |

*United States District Court*
*Northern District of California*

| 261 | F5 Proposed Redactions to Court's Oct. 15, 2015 Order (261-4) | GRANTED-IN-PART. Proposed redactions on pp. 4, 34, and 47 are accepted. Proposed redactions on pp. 38, 41, and 43 are modified or rejected. | While F5 has sufficiently shown that the operational details of its products are a trade secret, the general fact that some F5 products contained accused (albeit disabled) code when shipped was revealed in F5's public filings. *See* Dkt. No. 199 at 4, 11. |
|---|---|---|---|
| 265 | Declaration of Teri H.P. Nguyen In Support of Radware's Request to Redact Portions of the Court's October 15, 2015 Order (265-3) | GRANTED | Allowed by Dkt. No. 256 at 61. |
| 265 | Radware Proposed Redactions to Court's Oct. 15, 2015 Order (265-4) | GRANTED-IN-PART. Proposed redactions on p. 50 regarding dates products were marked with patent numbers are rejected. Proposed redactions on pp. 55-60 regarding lost profits are rejected. Other proposed redactions are accepted. | Marking with patent numbers would be visible to any Radware customer. Facts and arguments regarding lost profits were revealed in Radware's public filing, Dkt. No. 205 at 23-24. Other redactions are narrowly tailored to confidential business information. |

The court will file a version of its October 15, 2015 summary judgment order with redactions consistent with the rulings above. The documents containing the parties' proposed redactions, Dkt. Nos. 261-4 and 265-4 will remain under seal.

**IT IS SO ORDERED.**

Dated: December 4, 2015

_____
Ronald M. Whyte
United States District Judge

United States District Court
Northern District of California

5:13-cv-02024-RMW
ORDER REGARDING PROPOSED REDACTIONS TO OCTOBER 15, 2015 SUMMARY JUDGMENT ORDER
RS