UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADWARE, LTD., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>F5 NETWORKS, INC.,<br><br>  Defendant. | Case No.  13-cv-02024-RMW<br><br>**ORDER RE: MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 239, 243, 248, 249 |

Before the court are 4 administrative motions to seal 15 documents relating to Radware's Motion for Summary Judgment of Non-Infringement. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (*quoting Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. Id. at 1178-79.

A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. See Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b) (requiring the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," and an "unreadacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

With these standards in mind, the courts rules on the instant motions as follows.

| **Motion to Seal** | **Document to be Sealed** | **Ruling** | **Reason/Explanation** |
|---|---|---|---|
| 239 | Radware's Motion for Summary Judgment of Noninfringement (239-4) | GRANTED as to 3:27-28, 4:19-29, 12:10-12, 16:1-17, 16:21-24, 19:7-13, and 22-27. | Narrowly tailored to confidential business information. |
| | | DENIED as to 5:22-25 and 15:24-27. | Information not sought to be sealed by Dkt. No. 118. |

13-cv-02024-RMW
ORDER RE: MOTIONS TO SEAL
FC

2

| | | | |
|---|---|---|---|
| | | DENIED as to 18:22-23 and 19:1-5. | Publicly disclosed at October 27, 2015 hearing and at Dkt. No. 288. |
| 239 | Declaration of Izhak Rubin (239-6) | DENIED as to paragraph 3. | Not supported by declaration. |
| | | DENIED as to paragraphs 30, paragraph 31 at lines 8-13. and paragraphs 32 and 41. | Publicly disclosed at Dkt. No. 240 and October 27, 2015 hearing. |
| | | DENIED as to paragraph 34 at lines 6-9 and paragraph 36 at lines 20-21. | Publicly disclosed at Dkt. No. 288. |
| | | GRANTED as to remaining designations. | Narrowly tailored to confidential business information. |
| 239 | Exhibit A to Nyugen Declaration (239-7) | GRANTED. | Narrowly tailored to confidential business information. |
| 239 | Exhibit B to Nyugen Declaration (239-8) | GRANTED. | Narrowly tailored to confidential business information. |
| 239 | Exhibit C to Nyugen Declaration (239-9) | GRANTED. | Narrowly tailored to confidential business information. |
| 239 | Exhibit D to Nyugen Declaration (239-10) | GRANTED. | Narrowly tailored to confidential business information. |
| 239 | Exhibit E to Nyugen Declaration (239-11) | DENIED. | Not narrowly tailored. |
| 239 | Exhibit F to Nyugen Declaration (239-12) | DENIED. | Not narrowly tailored. |
| 243 | F5's Opposition to Radware's Motion for Summary Judgment of Noninfringement (243-4) | DENIED as to 7:13-15. | Publicly disclosed at Dkt. No. 288. |
| | | GRANTED as to remaining designations. | Narrowly tailored to confidential business information. |
| 243 | Declaration of Peter Alexander (243-6) | GRANTED. | Narrowly tailored to confidential business information. |
| 248 | Radware's Reply in Support of Motion for Summary Judgment of Noninfringement (248-3) | DENIED as to 2:25-27 and 8:10-13. | *See* ruling on Dkt. No. 209-10. |
| | | DENIED as to 7:11-12 and 9:3-5. | Publicly disclosed at Dkt. No. 240 and October 27, 2015 hearing. |
| | | GRANTED as to remaining designations. | Narrowly tailored to confidential business information. |
| 248 | Declaration of Izhak Rubin (248-5) | GRANTED. | Narrowly tailored to confidential business information. |
| 248 | Exhibit A to Rubin Declaration (248-6) | GRANTED. | Narrowly tailored to confidential business information. |

13-cv-02024-RMW
ORDER RE: MOTIONS TO SEAL
FC

| | | | |
|---|---|---|---|
| 249 | F5's Motion for Leave to File Surreply (249-4) | GRANTED. | Narrowly tailored to confidential business information. |
| 249 | F5's Surreply (249-6) | GRANTED. | Narrowly tailored to confidential business information. |

All denials are without prejudice. The parties shall file, within 14 days, (1) versions of documents with only the redactions approved by this order or (2) revised sealing motions for the court's consideration addressing the court's reasons for denial discussed above. Failure to comply with this order will result in the clerk unsealing the documents listed above for which a motion to seal has been denied.

**IT IS SO ORDERED.**

Dated: December 4, 2015

_____
Ronald M. Whyte
United States District Judge

13-cv-02024-RMW
ORDER RE: MOTIONS TO SEAL
FC

4