UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RADWARE, LTD., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>F5 NETWORKS, INC.,<br><br>  Defendant. | Case No.  13-cv-02024-RMW<br><br>**ORDER RE USE OF MASTERS APPLICATION** |

Defendant F5 seeks to preclude introduction of an F5 patent application ("the Masters application") for certain purposes at trial. Radware argues that the court's ruling on F5's Motion in Limine No. 6 permits Radware to use the Masters application as evidence of copying. The court takes this opportunity to clarify its rulings on F5's MIL Nos. 5-6, and for the reasons set forth below, concludes that Radware 1) may not use the Masters application to show copying, and 2) may not suggest that F5's alleged copying prior to the issuance of Radware's '319 patent was improper.

In MIL No. 5, F5 sought to prevent Radware's use of F5's patents or applications to show F5's awareness of the '319 patent. *See* Dkt. No. 370. The court ruled that Radware would be permitted to use the citations to the '702 patent and '319 application that appear in the file history of the Masters application to suggest that F5 would have had knowledge of the '319 patent after it

issued. Dkt. No. 456 at 12.

In MIL No. 6, F5 sought to prevent Radware from introducing evidence of F5's alleged copying. *See* Dkt. No. 371. This court previously ruled that a jury could find willfulness based on evidence of F5's desire to enter the field of link load balancing, if such evidence were presented in conjunction with evidence of F5's awareness of the '319 patent. *See* Dkt. No. 256 at 55. The court denied F5's MIL No. 6, allowing Radware to present evidence of F5's desire to enter the field of link load balancing, including evidence of alleged copying. Dkt. 456 at 11-12. However, the court did not specifically address Radware's use of the Masters application for this purpose. Even if the evidence suggests that F5 copied the LinkProof manual into its Masters application, Radware may not use the Masters application to show copying.

Although evidence that F5 copied Radware's products in creating F5's infringing *products* may be relevant to show that F5 was willful in continuing to infringe after it learned of the '319 patent, the connection between the Masters application and F5's infringement is much weaker. F5 abandoned the Masters application before the '319 patent issued. The introduction of evidence regarding the contents of the Masters application would confuse the jury and distract from the asserted patents. The very limited probative value that the Masters application may have for tending to show willfulness is substantially outweighed by the danger of misleading the jury by suggesting that copying of an unpatented device is a violation of patent law.

Furthermore, F5's alleged copying of Radware's product becomes relevant to the willfulness inquiry only *after* F5 is aware of the '319 patent. Therefore, in the course of presenting evidence and argument as to F5's alleged copying, Radware may not suggest that F5 did anything wrong by copying Radware's products before it learned of the issuance of the '319 patent.

**IT IS SO ORDERED.**

Dated: February 23, 2016

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge