UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RADWARE, LTD., et al.,<br>    Plaintiffs,<br>v.<br>F5 NETWORKS, INC.,<br>    Defendant. | Case No. 5:13-cv-02024-RMW<br><br>**ORDER REGARDING F5'S BENCH BRIEF ON RADWARE'S UNDISCLOSED DAMAGES THEORIES**<br><br>Re: Dkt. No. 524 |

The court has received F5's Bench Brief Regarding Radware's Failure to Disclose Damages Theories, Dkt. No. 524, and Radware's response, Dkt. No. 527. During proceedings on March 10, 2016, Radware indicated that it intends to present damages theories in its closing argument seeking more than twice the damages that its retained expert on damages computed. The arguments presented go even beyond those theories described in its response to F5's bench brief. Radware will not be allowed to do so.

While expert testimony is not always required to prove damages, any damages theory must have evidentiary support. Radware had a duty to disclose its damages theories and evidence under Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and in response to F5's discovery requests and this court's orders. Radware attempted to do that by pointing to the calculations of its expert Mr. Malackowski. The permissible scope of Radware's damages contentions at trial is thus limited by

5:13-cv-02024-RMW
ORDER REGARDING F5'S BENCH BRIEF ON RADWARE'S UNDISCLOSED DAMAGES THEORIES

Radware's pretrial disclosures—including Mr. Malackowski's expert report—and, to the extent that the court allowed it, Mr. Malackowski's revised report served on February 27, 2016.

The court notes that during the examination of Mr. Malackowski, Radware briefly published Trial Exhibit 426, Mr. Malackowski's revised damages schedule, to the jury. Dkt. No. 518 at 914:15-21. Contrary to Radware's representations[1] and in violation of this court's orders,[2] the copy of TX 426 submitted to the court does calculate damages for LTM alone. The court assumes that the publication of TX 426 was inadvertent. Neither TX 426 nor any other evidence calculating damages for LTM alone will be submitted to the jury.

Furthermore, in closing arguments, Radware may not present any damages arguments or calculations based on LTM alone, DNS Lite,[3] inactive modules, percentages of users calculated based on the data underlying the TechValidate survey, lost profits for GTM add-ons or virtual editions, "off-box" combinations of GTM and LTM, or any other area outside the scope of Mr. Malackowski's calculations as limited by this court's orders, and as Mr. Malackowski presented at trial. The court's ruling is not intended to suggest that that Radware was necessarily required to present expert testimony on these topics. If Radware wished to present these damages theories, however, Radware was required to disclose these theories to F5 well before the close of discovery and certainly well before Radware rested its case at trial. Despite this court's order nearly three weeks ago suggesting that Radware could submit an offer of proof on what additional damages it wished to seek, Dkt. No. 489 at 3, Radware failed to bring its additional theories to the attention of F5 or the court until the evening before closing arguments and then said it preferred to disclose its new theories *in camera* so that F5 would not have a preview of Radware's new theories. F5's motion to preclude Radware from presenting undisclosed damages theories is GRANTED.

---

[1] *Id.* at 816:23-25 ("And by the way, for the record, your honor, the schedules, they are the same, it's just removing LTM.")
[2] *See* Dkt. No. 511-1 at 1 (noting that F5's motion in limine to exclude Radware's Improper Damages Claims was granted).
[3] Radware is not precluded from arguing that DNS Lite combined with LTM might suggest that there is still interest in link load balancing. Radware is precluded, however, from presenting damages calculations based on DNS Lite for the reasons stated in this court's prior orders. Dkt. No. 456 at 15-16.

**IT IS SO ORDERED.**

Dated: March 10, 2016

*Ronald M. Whyte*

Ronald M. Whyte
United States District Judge