United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

RADWARE, LTD., et al.,
Plaintiffs,
v.
F5 NETWORKS, INC.,
Defendant.

Case No. 5:13-cv-02024-RMW

**VERDICT FORM**

Dated: March 11, 2016

Ronald M. Whyte
United States District Judge

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## I. INVALIDITY

### A. Priority

1. Was U.S. Patent No. 6,650,621 (Maki-Kullas Patent) prior art to the asserted patents?

Yes ___ No X

2. Was the Cisco DistributedDirector Device[1] prior art to the asserted patents?

Yes ___ No X

3. Was the F5 BigIP/3DNS Device prior art to the asserted patents?

Yes ___ No X

### B. Anticipation

*If you indicated that any reference in section A above was NOT prior art to the asserted patents, then do not answer the questions related to that reference.*

4. Has F5 proven by clear and convincing evidence that an asserted prior art reference included all of the requirements of independent claim 1 of the '319 patent?

a. F5 BIGIP/3DNS Device Yes ___ No ___

b. Cisco DistributedDirector Device Yes ___ No ___

*If you answer "no" with respect to independent claim 1 for a particular reference, you must also answer "no" with respect to dependent claim 12 for that reference below.*

5. Has F5 proven by clear and convincing evidence that an asserted prior art reference included all of the requirements of dependent claim 12 of the '319 patent?

a. F5 BIGIP/3DNS Device Yes ___ No ___

[1] The demonstrative test beds are not prior art.

United States District Court
Northern District of California

United States District Court
Northern District of California

b. Cisco DistributedDirector Device Yes ___ No ___

6. Has F5 proven by clear and convincing evidence that an asserted prior art reference included all of the requirements of independent claim 24 of the '319 patent?

a. F5 BIGIP/3DNS Device Yes ___ No ___

b. Cisco DistributedDirector Device Yes ___ No ___

c. U.S. Patent No. 6,650,621 (Maki-Kullas Patent) Yes ___ No ___

7. Has F5 proven by clear and convincing evidence that an asserted prior art reference included all of the requirements of independent claim 9 of the '374 patent?

a. F5 BIGIP/3DNS Device Yes ___ No ___

b. Cisco DistributedDirector Device Yes ___ No ___

*If you answer "no" with respect to independent claim 9 for a particular reference, you must also answer "no" with respect to dependent claims 10, 12, and 14 for that reference below.*

8. Has F5 proven by clear and convincing evidence that an asserted prior art reference included all of the requirements of dependent claim 10 of the '374 patent?

a. F5 BIGIP/3DNS Device Yes ___ No ___

b. Cisco DistributedDirector Device Yes ___ No ___

9. Has F5 proven by clear and convincing evidence that an asserted prior art reference included all of the requirements of dependent claim 12 of the '374 patent?

a. F5 BIGIP/3DNS Device Yes ___ No ___

b. Cisco DistributedDirector Device Yes ___ No ___

10. Has F5 proven by clear and convincing evidence that an asserted prior art reference included all of the requirements of dependent claim 14 of the '374 patent?

a. F5 BIGIP/3DNS Device Yes ___ No ___

b. Cisco DistributedDirector Device Yes ___ No ___

## II. DAMAGES

*If you found that F5 did not prove invalidity for all asserted claims of the '319 and '374 patents, answer questions 11, 12, and 13. If you found that F5 did prove that all asserted claims of the '319 and '374 patents are invalid, do not answer questions 11, 12, and 13.*

United States District Court
Northern District of California

**A. Lost Profits**

11. What lost profits, if any, did Radware prove with reasonable probability that it suffered as a result of sales that it would have made but for F5's infringing sales of BIG-IP with the Link Controller module enabled?

$ 5,000,000

12. What lost profits, if any, did Radware prove with reasonable probability that it suffered as a result of sales that it would have made but for F5's infringing sales of BIG-IP with the GTM module enabled?

$ Ø

**B. Reasonable Royalty**

13. For those infringing sales for which Radware has not proven its entitlement to lost profits, what has Radware proven it is entitled to as a reasonable royalty:

a. GTM-enabled units $ 1,400,000

b. Link Controller-enabled units $ Ø

**III. WILLFULNESS**

*If you found that F5 did not prove invalidity for all asserted claims of the '319 patent, answer questions 14. If you found that F5 did prove that all asserted claims of the '319 patent are invalid, do not answer questions 14.*

14. Has Radware proven by clear and convincing evidence that F5's infringement of the '319 patent was willful?

Yes X No ___

---

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the courtroom deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

DATED: March 15, 2016

By: Joe Eisenman
Presiding Juror