UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RADWARE, LTD., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>F5 NETWORKS, INC.,<br><br>    Defendant. | Case No. 5:13-cv-02024-RMW<br><br>**ORDER REGARDING PROPOSED REDACTIONS TO COURT'S ORDERS**<br><br>Re: Dkt. Nos. 421, 460, 476, 610, 612, 613 |

Before the court are the following:

(1) F5's proposed redactions to Dkt. No. 421, the February 2, 2016 Order Re: F5's Renewed Motion for Summary Judgment of Non-Infringement (Dkt. No. 460);

(2) (A lack of) proposed redactions to Dkt. No. 476, the February 19, 2016 Order Regarding Motions For Summary Judgment On Second Hotfix Products; and

(3) F5's proposed redactions to Dkt. No. 609, the August 22, 2016 Order Regarding Post-Trial Motions, Dkt. No. 610 (Dkt. No. 613).

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

1   U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong
2   presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto.
3   Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to
4   dispositive motions bear the burden of overcoming the presumption with "compelling reasons"
5   that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-
6   79.

7       A protective order sealing the documents during discovery may reflect the court's previous
8   determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at
9   1179-80, but a blanket protective order that allows the parties to designate confidential documents
10  does not provide sufficient judicial scrutiny to determine whether each particular document should
11  remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that
12  allows a party to designate certain documents as confidential is not sufficient to establish that a
13  document, or portions thereof, are sealable.").

14      In addition to making particularized showings of good cause, parties moving to seal
15  documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to
16  Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document
17  is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection
18  under the law." "The request must be narrowly tailored to seek sealing only of sealable material,
19  and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b) (requiring the submitting party to
20  attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in
21  table format each document or portion thereof that is sought to be sealed," and an "unreadacted
22  version of the document" that indicates "by highlighting or other clear method, the portions of the
23  document that have been omitted from the redacted version."). "Within 4 days of the filing of the
24  Administrative Motion to File Under Seal, the Designating Party must file a declaration as
25  required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."
26  Civ. L.R. 79-5(e)(1).

## II.  ORDER

With these standards in mind, the courts rules on the instant motions as follows.

| Motion | Document to be Sealed or Proposed Redaction | Ruling | Reason/Explanation |
|---|---|---|---|
| 460 | Declaration of Daniel T. Keese In Support Of F5's Request to Redact Portions of the Court's February 2, 2016 Order (460-3) | Motion to seal declaration granted. | Sealing allowed by Dkt. No. 421 at 11-12. |
| 460 | F5 Proposed Redactions to Court's February 2, 2016 Order (460-4) | Motion to seal proposed redactions is GRANTED.  Proposed redactions are REJECTED on their merits. | All of the information that F5 seeks to seal is also present in the court's February 19, 2016 summary judgment order, which F5 has not claimed contains confidential information. *See* Dkt. No. 476 and ruling below. |
| N/A | Feb. 19, 2016 Order Regarding Motions For Summary Judgment On Second Hotfix Products (476) | No proposed redactions having been filed by March 4, 2016, a copy of this order with all redactions removed will be made public. | Dkt. No. 476 at 8. |
| 612 | Declaration of Daniel T. Keese In Support Of F5's Request to Redact Portions of the Court's August 22, 2016 Order Regarding Post-Trial Motions (612) | Motion to seal declaration granted. | Sealing allowed by Dkt. No. 610 at 26. |
| 613 | F5 Proposed Redactions to Court's August 22, 2016 Order Regarding Post-Trial Motions (613) | Motion to seal proposed redactions is GRANTED.  Proposed redactions to number of GTM Total Devices Sold, Virtual Editions, Add-Ons and Total Units, consistent with Dkt. No. 609 at 20, are ACCEPTED.  Remaining redactions are REJECTED. | Sealing allowed by Dkt. No. 610 at 26.  Proposed redactions to detailed GTM sales figures are narrowly tailored to confidential business information. Remaining figures were revealed in public filings that F5 did not claim were confidential, *e.g.,* Dkt. No. 584 at 3, or are easily derived from F5's slides presented in open court at on Aug. 19, 2016. |

The court will file versions of its February 2, 2016 and February 19, 2016 summary

judgment orders and its August 22, 2016 order regarding post-trial motions with redactions consistent with the rulings above. The documents containing the parties' proposed redactions, Dkt. Nos. 460-3, 460-4, 612, and 613 will remain under seal.

**IT IS SO ORDERED.**

Dated: September 12, 2016

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge